IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dana Shook and Lewis Bennett, | ) | Civil Case No. 4:23-05027-JD-KDW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| South Carolina Department of | ) | |
| Natural Resources, Chesterfield | ) | |
| County Sheriff's Office, Kyle Phillips, | ) | |
| John Hillian, Kelsey Branham Kinsey, | ) | |
| Izzie's Pond, Carolina Waterfowl | ) | |
| Rescue, Angel Durham, Greg Askew, | ) | |
| Jennifer Gordon, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report" or "R&R") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina (DE 81).[1] The Report addresses several motions for summary judgment filed by Defendants in this civil action. Plaintiffs Dana Shook and Lewis Bennett bring this action pursuant to 42 U.S.C. § 1983 and various state-law causes of action arising from the June 29, 2021, execution of two search warrants at Plaintiffs' animal rehabilitation sanctuary and their subsequent arrests. (DE 1.) The Report

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

recommends granting Defendants' motions for summary judgment on all claims. (DE 81.) Plaintiffs filed objections to the Report (DE 82), and Defendants filed replies to those objections. (DE 83; DE 84; DE 85; DE 86.)

## I.     BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

### A.     Factual Background

This action arises from the investigation of Plaintiffs Dana Shook ("Shook") and Lewis Bennett ("Bennett") (collectively "Plaintiffs") and the execution of search warrants at their animal rehabilitation facility, Ringtail Rescue & Sanctuary, located in Chesterfield County, South Carolina. (DE 1.) Plaintiffs operate the sanctuary as a facility that houses and rehabilitates injured or orphaned wild animals with the goal of releasing them back into their natural habitat. (*Id.*)

In June 2021, officers with the South Carolina Department of Natural Resources ("SCDNR") began investigating Plaintiffs after observing social media posts depicting Plaintiffs' sanctuary in possession of a white-tailed deer fawn. According to SCDNR officers, possession of a white-tailed deer in South Carolina requires authorization from the Department. Based on these observations and information gathered during the investigation, an officer sought and obtained a search warrant for Plaintiffs' property. (DE 47.)

On June 29, 2021, SCDNR officers executed the search warrant at Plaintiffs' Chesterfield County property. Upon arriving at the property, officers reported

observing what they believed to be poor conditions affecting both wild and domestic animals on the premises. According to the investigating officers, these observations prompted an expansion of the investigation from unlawful possession of wildlife to potential animal cruelty violations. (DE 47-1; DE 47-2; DE 47-3.)

During the search, officers seized animals and other items from the property and contacted the Chesterfield County Sheriff's Office to assist with the investigation. Plaintiffs were subsequently arrested and charged with animal cruelty offenses. Plaintiffs contend that the search and arrests were unlawful and that many of the animals, equipment, and funds seized during the search were never returned to them. (DE 1.)

Plaintiffs maintain that the animals in their care were properly treated and that they had been stabilizing wildlife before transferring those animals to other licensed rehabilitators. Plaintiffs further contend that the investigation and resulting search and arrests were unjustified and undertaken without probable cause. (DE 1.)

## B.    Procedural Posture

Plaintiffs initiated this action in the Chesterfield County Court of Common Pleas asserting claims under 42 U.S.C. § 1983 and various state-law causes of action. (DE 1.) Defendants removed the action to this Court on October 6, 2023, based on federal-question jurisdiction. (DE 1.)

Defendants subsequently filed motions for summary judgment in April 2025. (DE 44; DE 45; DE 46; DE 47.) Plaintiffs filed responses in opposition to each motion, relying primarily on affidavits and supporting documents. (DE 58; DE 59; DE 60; DE

61.) Defendants filed replies, and the motions became ripe for review. (DE 64; DE 65; DE 66.)

## II.    REPORT AND RECOMMENDATION

On January 29, 2026, United States Magistrate Judge Kaymani D. West issued a Report and Recommendation recommending that the Court grant summary judgment in favor of all Defendants on all claims. (DE 81.) The Report reviews the allegations in Plaintiffs' Amended Complaint, the evidentiary record submitted by the parties, and the applicable legal standards governing summary judgment. (DE 81.)

The Magistrate Judge first addressed the claims asserted against SCDNR and Defendants John Hillian and Kelsey Branham Kinsey. The Report concludes that SCDNR is not a "person" subject to liability under 42 U.S.C. § 1983 and that any official-capacity claims against the individual SCDNR defendants are treated as claims against the State. (DE 81 at 9–10.) The Magistrate Judge further determined that Plaintiffs failed to establish a constitutional violation arising from the search of their property because the warrants were supported by probable cause and were lawfully executed. (DE 81 at 14–18.) The Report also notes that Plaintiffs did not allege that these defendants personally effectuated their arrests and therefore failed to establish liability based on an unlawful arrest. (DE 81 at 18–19.) In the alternative, the Magistrate Judge concluded that the individual defendants would be entitled to qualified immunity. (DE 81 at 19–20.)

4

The Report next addressed the claims asserted against CCSO and Deputy Kyle Phillips. The Magistrate Judge concluded that CCSO is not a "person" subject to suit under § 1983 and therefore cannot be liable under that statute. (DE 81 at 29–30.) With respect to Defendant Phillips, the Report concludes that the record demonstrates that probable cause existed to arrest Plaintiffs for animal cruelty based on the observations made at the scene and information obtained during the execution of the search warrants. (DE 81 at 30–33.) The Magistrate Judge therefore determined that Plaintiffs failed to establish a constitutional violation arising from their arrest and that Phillips would alternatively be entitled to qualified immunity. (DE 81 at 33–34.)

The Magistrate Judge also analyzed the claims asserted against the private defendants Carolina Waterfowl Rescue and Jennifer Gordon. The Report concludes that these defendants are private actors who did not act under color of state law and therefore cannot be held liable under § 1983. (DE 81 at 37–38.) The Magistrate Judge also determined that Plaintiffs failed to establish the elements of their state-law claims against these defendants, including gross negligence, false imprisonment, conversion, and malicious prosecution. (DE 81 at 38–42.)

Finally, the Report addresses the claims asserted against Izzie's Pond, Angel Durham, and Greg Askew. The Magistrate Judge concludes that Plaintiffs failed to demonstrate that these defendants acted under color of state law or otherwise participated in the alleged constitutional violations. (DE 81 at 43–44.) The Report also concludes that Plaintiffs failed to present evidence sufficient to support their

remaining state-law claims against these defendants, including conversion and malicious prosecution. (DE 81 at 44–46.)

Based on this analysis, the Magistrate Judge recommends that the Court grant the motions for summary judgment filed by all Defendants and dismiss Plaintiffs' claims in their entirety. (DE 81 at 46–47.)

### III.     LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### IV.     OBJECTIONS

Plaintiffs filed objections to the Report on February 12, 2026. (DE 82.) Defendants thereafter filed replies to Plaintiffs' objections. (DE 83; DE 84; DE 85; DE 86.) Plaintiffs' objections challenge several aspects of the Magistrate Judge's analysis. Broadly construed, the objections fall into three categories. First, Plaintiffs contend

that the Report erred in recommending summary judgment in favor of the Chesterfield County Sheriff's Office and Deputy Kyle Phillips, primarily arguing that the Report overlooked evidence and misinterpreted the timeline of events surrounding Plaintiffs' arrests. Second, Plaintiffs challenge the recommendation that summary judgment be granted to certain private defendants, asserting that genuine disputes of fact exist with respect to Plaintiffs' conversion claims. Third, Plaintiffs generally assert that the Magistrate Judge failed to properly consider certain evidence in the record.

The Court addresses these objections in turn.

**A.     Objections to Summary Judgment in Favor of the Chesterfield County Sheriff's Office and Deputy Kyle Phillips**

Plaintiffs object to the Magistrate Judge's recommendation that summary judgment be granted in favor of the Chesterfield County Sheriff's Office ("CCSO") and Deputy Kyle Phillips. (DE 82.) Plaintiffs contend that the Report overlooked evidence in the record and improperly concluded that probable cause existed to support their arrests. (DE 82.) Specifically, Plaintiffs argue that discrepancies in the timeline of events surrounding the search and arrest undermine the finding of probable cause and that the Magistrate Judge failed to properly view the evidence in the light most favorable to them. (DE 82.)

After conducting a de novo review of the record and the relevant portions of the Report, the Court finds Plaintiffs' objections unpersuasive.

As an initial matter, the Magistrate Judge correctly concluded that CCSO is not a "person" subject to suit under 42 U.S.C. § 1983 and therefore cannot be liable

under that statute. (DE 81 at 29.) Plaintiffs' objections do not meaningfully address this conclusion or identify any authority demonstrating that CCSO may be sued under § 1983. Accordingly, the Court finds no basis to reject the Magistrate Judge's recommendation as to CCSO.

With respect to Defendant Phillips, Plaintiffs primarily challenge the Magistrate Judge's conclusion that probable cause existed to arrest them. However, the Magistrate Judge thoroughly reviewed the evidentiary record, including the body-worn camera footage, photographs of the property, and the affidavits submitted by the parties. (DE 81 at 30–32.) Based on that record, the Magistrate Judge concluded that Deputy Phillips observed conditions on the property that provided probable cause to believe that Plaintiffs had committed animal cruelty. (DE 81 at 31–32.)

Plaintiffs' objections largely repeat arguments previously presented in their responses to Defendants' motions for summary judgment and rely primarily on their own affidavits describing their version of events. The Magistrate Judge expressly considered those affidavits but determined that the documentary evidence—including photographs and video footage—supported Deputy Phillips's account of the conditions on the property. (DE 81 at 31–32.) Where the record contains objective evidence that blatantly contradicts a party's version of events such that no reasonable jury could credit that version, the Court need not adopt that characterization of the facts at the summary judgment stage. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

Plaintiffs also argue that discrepancies in the timeline of events undermine the probable cause determination. Even assuming arguendo that minor inconsistencies

exist in the reported timeline, such discrepancies do not negate the existence of probable cause where the facts known to the officer provide an objectively reasonable basis to believe that a crime has been committed. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (explaining that the probable cause inquiry is objective and does not depend on the officer's subjective reasoning). The Magistrate Judge likewise determined that the relevant inquiry was whether the facts known to Deputy Phillips at the time of the arrests supported probable cause, not whether Plaintiffs could offer alternative explanations for the conditions observed on the property. (DE 81 at 31–33.)

Additionally, the Magistrate Judge noted that Plaintiffs were later indicted by a grand jury, which constitutes prima facie evidence of probable cause. (DE 81 at 31.) Plaintiffs' objections do not meaningfully rebut this conclusion.

Having conducted a de novo review of the record, the Court agrees with the Magistrate Judge that the evidence demonstrates that Deputy Phillips had probable cause to arrest Plaintiffs. Because probable cause existed, Plaintiffs' § 1983 claims and related state-law claims against Defendant Phillips fail as a matter of law. (DE 81 at 33–36.)

Accordingly, Plaintiffs' objections as to CCSO and Deputy Phillips are overruled, and the Court adopts the Magistrate Judge's recommendation granting summary judgment in favor of those defendants.

**B.     Objections to Summary Judgment in Favor of the Private Defendants**

Plaintiffs also object to the Magistrate Judge's recommendation that summary judgment be granted in favor of the private defendants, including Carolina Waterfowl Rescue, Jennifer Gordon, Izzie's Pond, Angel Durham, and Greg Askew. (DE 82.) Plaintiffs principally argue that genuine disputes of material fact exist regarding the handling of animals removed from their property and contend that the Magistrate Judge erred in recommending dismissal of their conversion claim. (DE 82.)

After conducting a de novo review of the relevant portions of the Report and the record, the Court concludes that Plaintiffs' objections do not warrant rejection of the Magistrate Judge's recommendation.

As an initial matter, the Magistrate Judge correctly concluded that Plaintiffs failed to demonstrate that the private defendants acted under color of state law as required to maintain liability under 42 U.S.C. § 1983. (DE 81 at 37–38.) Liability under § 1983 attaches only to conduct that is fairly attributable to the State, and private parties are generally not subject to liability under the statute absent evidence that they were willful participants in joint action with the State or its agents.[2] The

---

[2]    Plaintiffs argue that these defendants participated in the seizure and disposition of animals from their sanctuary and, therefore, should be liable for the alleged constitutional violations and related state-law claims. Specifically, Plaintiffs state:

> Izzie's Pond/Greg Askew declined DNR's request to pick up state property. Exhibit DS LB Advt. Exhibits, ECF 61-3, Page 37. DNR did not pursue the matter further according to an email to Craig Jones to Ted Corvey on February 22, 2022. Exhibit DS LB Advt. Exhibits, ECF 61-3, Pages 38 – 40. Regardless of the initial potentially proper custody arrangement of raccoons by Izzie's Pond receipt via law enforcement, the affidavits of Plaintiffs are entitled to be viewed in a light where some of these animals, and much of the equipment, were not returned and thus illegally converted.

(DE 82 at 10.) There is no mention, however, of these defendants acting under color of state law.

10

Magistrate Judge determined that the record contained no evidence demonstrating that these defendants exercised governmental authority or otherwise acted jointly with law enforcement in a manner that would transform their conduct into state action. (DE 81 at 37–38.) Plaintiffs' objections do not identify evidence in the record that would alter this conclusion.

Plaintiffs' objections primarily focus on their conversion claim arising from the removal and subsequent handling of animals located on their property.[3] However, as the Magistrate Judge explained, the undisputed evidence shows that the animals were removed pursuant to the investigation conducted by law enforcement and animal control officers. (DE 81 at 38–40.) The record does not support Plaintiffs' contention that the private defendants wrongfully exercised dominion or control over Plaintiffs' property in a manner sufficient to establish conversion. (DE 81 at 39–40.)

The Magistrate Judge further determined that Plaintiffs failed to present evidence sufficient to support their remaining state-law claims against the private defendants, including claims for gross negligence, false imprisonment, and malicious prosecution. (DE 81 at 40–42.) Plaintiffs' objections do not meaningfully address the Magistrate Judge's analysis of these claims or identify record evidence creating a genuine dispute of material fact as to the elements of those causes of action.

Having conducted a de novo review of the record, the Court agrees with the Magistrate Judge that Plaintiffs have failed to forecast evidence sufficient to support

---

[3]    Plaintiffs argue that "[a]ccording to the Receipt for Seized Property, there were 7 chickens, 3 turkeys, and 3 donkeys seized from the Plaintiffs and ultimately transported across state lines to Carolina Waterfowl and Jennifer Gordon." (DE 82; DE 59-3 at 8–9.)

liability against the private defendants under either § 1983 or state law. Accordingly, Plaintiffs' objections as to the private defendants are overruled, and the Court adopts the Magistrate Judge's recommendation granting summary judgment in favor of Carolina Waterfowl Rescue, Jennifer Gordon, Izzie's Pond, Angel Durham, and Greg Askew.

## C.    Claims Against SCDNR, Hillian, and Kinsey

Plaintiffs do not raise specific objections to the Magistrate Judge's recommendation that summary judgment be granted in favor of the South Carolina Department of Natural Resources ("SCDNR") and Defendants John Hillian and Kelsey Branham Kinsey. (DE 82.) Several Defendants likewise note in their replies that Plaintiffs' objections do not address the Magistrate Judge's analysis concerning these defendants. (DE 83; DE 84; DE 85; DE 86.)

In the absence of a specific objection, the Court reviews the relevant portions of the Report for clear error. See *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After reviewing the record and the Magistrate Judge's analysis, the Court finds no clear error in the recommendation that SCDNR and the individual SCDNR defendants are entitled to summary judgment. (DE 81 at 9–20.)

Accordingly, the Court adopts the Report as to SCDNR, Hillian, and Kinsey.

## D.    Remaining and General Objections

To the extent Plaintiffs raise additional objections that are not specifically addressed above, the Court has reviewed those arguments and finds that they do not warrant rejection of the Magistrate Judge's recommendations.

Many of Plaintiffs' objections consist of general assertions that the Magistrate Judge failed to properly consider certain evidence or improperly weighed the record in resolving Defendants' motions for summary judgment. However, objections must be specific and particularized so as to reasonably alert the district court to the true basis for the objection. *United States v. Midgette*, 478 F.3d 616, 621–22 (4th Cir. 2007). Objections that merely repeat arguments previously presented to the magistrate judge, without identifying a specific error in the Report, are properly treated as general objections and do not warrant de novo review. Id. Instead, where a party fails to lodge specific objections, the Court reviews the Report only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After reviewing the Report and the record, the Court finds no clear error in the Magistrate Judge's analysis of the issues that Plaintiffs have not specifically challenged. The Magistrate Judge carefully reviewed the evidentiary record, applied the appropriate summary judgment standards, and thoroughly addressed each of Plaintiffs' claims. (DE 81.)

Accordingly, to the extent Plaintiffs raise general objections or reiterate arguments previously presented to the Magistrate Judge, those objections are overruled.

## V.    CONCLUSION

After a thorough review of the record in this case, the applicable law, the Report and Recommendation of the Magistrate Judge, and the objections and replies

thereto, the Court adopts the Report and Recommendation (DE 81) and incorporates it herein by reference.

Accordingly, the Motions for Summary Judgment filed by Defendants South Carolina Department of Natural Resources, John Hillian, and Kelsey Branham Kinsey (DE 44), Chesterfield County Sheriff's Office and Kyle Phillips (DE 45), Carolina Waterfowl Rescue and Jennifer Gordon (DE 46), and Izzie's Pond, Angel Durham, and Greg Askew (DE 47) are **GRANTED**.

Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

                                                    Joseph Dawson, III
                                                    United States District Judge

Florence, South Carolina
March 17, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.